THE ALLEGHANY COMPANY v. ISAAC N. E. ALLEN ET AL.

Argued November 7, 1901—Decided June 9, 1902.

A contract made in contravention of the statutory regulations of a state and unenforceable in its courts is not, *ipso facto*, void.

On demurrer to pleas.

From the brief for defendants the following statement is taken:

"The plaintiff declared upon the common counts and annexed a copy of a promissory note, with a notice that the action was brought to recover the amount due on that note. To the declaration the defendant pleaded four pleas. The plaintiff replied to two of the pleas and demurred jointly to the others. If either of the pleas demurred to is good, the defendants are entitled to judgment on the demurrer.

"The pleas demurred to are the second and third. The second plea avers that the plaintiff was a corporation of the

State of North Carolina; that the contract sued upon was made in the State of New York; that the statute of the State of New York provided, *inter alia,* that 'no foreign stock corporation, other than a moneyed corporation, shall do business in this state without having first procured from the secretary of state a certificate that it has complied with the requirements of law to authorize it to do business in this state, &c. * * * No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract it shall have procured such certificate;' that the plaintiff was a business stock corporation, other than a moneyed corporation, foreign to the State of New York, and had not procured such certificate, and that at the time of the making of the said promises, &c., never were nor are binding on the defendants, and were and are of no force or validity.

"The third plea is similar in form, excepting that it avers the contract to have been made in the State of Pennsylvania. The statute of that state, as set out in the plea, provides, among other things, that 'it shall not be lawful for any such [*i. e.,* foreign] corporation to do any business in this commonwealth until it shall have filed in the office of the secretary of the commonwealth a statement under the seal of said corporation and signed by the president or secretary thereof, showing the title and objects of such corporation, the location of its office or offices and the name or names of its authorized agent or agents therein. * * * Any person or persons, agent, officer or employe of any such foreign corporation who shall transact any business within this commonwealth for any such foreign corporation without the provisions of this act being complied with, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be punished by imprisonment,' &c.

"The sole question presented by the specification of causes of demurrer is whether or not it is the effect of these statutes to make void contracts made in violation of their terms."

The attention of counsel having been drawn later to the question whether the point was made that the court should

refuse to enforce the alleged contract upon principles of comity, counsel for the defendants replied as follows, after citing cases upon the point already argued:

"The principle ruling these cases, and which, I submit, should rule the present case, is not that this court should refuse to enforce the alleged contract upon any principle of comity, but upon the ground that the obligation of a contract is to be determined by the laws of the place of its making, and that a contract illegal or void in the place where it is attempted to be made, is illegal and void everywhere."

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and COLLINS.

For the plaintiff, *James A. Gordon.*

For the defendants, *Sherrerd Depue.*

The opinion of the court was delivered by

GARRISON, J. The only point that has been considered is that made by counsel for the defendants, viz., that a contract that is unenforceable at the *locus contractus* is void everywhere. Numerous decisions, domestic and foreign, are cited to the effect that the courts of a state will not lend their aid to carry into effect contracts that contravene the legislative policy of such state. These cases establish the proposition that the plaintiff's contract was unenforceable in the state where it was made, but they do not to any degree tend to establish the proposition that such contracts are void elsewhere. This hiatus is thus bridged in the brief of counsel for the defendants:

"The notion that a contract attempted to be made in one state, but void by the laws of that state, can be valid elsewhere, is a legal absurdity. The validity of a contract must always be determined by the *lex loci contractus. Dacosta* v. *Davis,* 4 *Zab.* 319; *Columbia Fire Insurance Co.* v. *Kinyon,* 8 *Vroom* 33; *Atwater* v. *Walker,* 1 *C. E. Gr.* 42; *Manhattan, &c., Association* v. *Massarelli,* 42 *Atl. Rep.* 284, 285.

"If by that law the contract is illegal or never was legally made, it cannot, on any reasoning, acquire a force and validity in another jurisdiction."

The proposition as stated is a *petitio principii,* and none of the authorities cited support the reasoning of counsel as applied to a statutory requirement of the character under consideration.

The actual state of the law in this respect is that wherever extra-territorial effect is given to state interdicts of this sort it is upon principles of comity and not because contracts made in contravention of such interdicts are, *ipso facto,* void. This is peculiarly so with respect to legislative restrictions upon the business of foreign corporations. A corporation *strictissimi juris* has no life beyond the boundaries of the state that created it. Its existence elsewhere is due solely to comity. As an abstract proposition every state determines for itself whether it will recognize any corporate bodies but those of its own creation, and as a practical question it decides the terms upon which foreign corporations shall be permitted to invade its territory. In aid of the legislative policy so declared the courts of a state will refuse to entertain suits to enforce obligations that have arisen in the course of transactions thus reprobated. To this extent such obligations lack the sanction of law, but to designate them as void in the sense that immoral or prohibited acts are void is an inexact use of terms. State policies differ in nothing more widely than in their attitude toward corporate affairs, each government having plenary power to enforce its own policy within its own borders, and having no power to impose such policy upon others. Whether comity as a branch of private international law should be·extended to this class of regulations, either by enforcing the penalties attached to their violation or by taking note of the local unenforceability of the contracts resulting therefrom, is not now decided. A forcible illustration against such a doctrine is found in our own reports in the case of *Fries* v. *Hendrickson,* 16 *Vroom* 555. In that case a warrant for confessing judgment was included in the body of a promissory note made in this state and hence by our stat-

ute "declared to be void and none effect." Judgment having been obtained upon this note by virtue of such warrant of attorney in the State of Pennsylvania, suit was brought upon the foreign judgment in our own Supreme Court against the maker, a citizen of New Jersey. Whereupon our courts, so far from claiming that comity required that the courts of Pennsylvania should have respected our local law, held that our own courts would enforce the contract of record so obtained. In delivering the opinion of the Court of Errors and Appeals, Mr. Justice Depue said: "I think it is clear that this statute must be construed to be a mere regulation of the practice of our own courts. The legislature did not intend to prohibit the making in this state of warrants of attorney for use in other states, which are in the form that is legal in their courts." Applying the criterion made use of in this opinion to the statutes set up in the defendants' pleas, they too must be construed to be mere regulations of the exercise of corporate functions within the state to which they severally apply and to evince no purpose to prescribe extra-territorial penalties or consequences. What effect, if any, is to be given to the last-mentioned exercise of legislative authority must await its opportunity for decision. For present purposes it is sufficient to say that no attempt in that direction is discoverable in the statutes that are before us upon this demurrer which are in all respects domestic regulations, and are, by their terms, limited to that sphere of operation.

The point that upon principles of comity we should refuse to enforce the contract set up by the plaintiff's declaration being unequivocally disclaimed by counsel of defendant, is not passed upon.

Plaintiff is entitled to judgment upon its demurrer.